UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRON POOL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:21-CV-1216 SRW |
| | ) |
| RICHARD ADAMS,[1] | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Terron Pool for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), and Petitioner's Motion for Leave to File an Amended Petition (ECF No. 20). The State has filed a response to both motions. Petitioner did not file a reply to his original petition but did file a reply to the motion for leave to amend. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). Because the petition is untimely, the petition for a writ of habeas corpus and the motion for leave to file an amended petition will be denied.

**I.      BACKGROUND**

In 2013, a jury convicted Petitioner of murder in the second degree and armed criminal action. The Circuit Court of the City of St. Louis sentenced him to life imprisonment on the second-degree murder count and thirty-years imprisonment on the armed criminal action count, to be served concurrently. Petitioner appealed his convictions to the Missouri Court of Appeals, Eastern District, who affirmed. Petitioner filed a post-conviction relief ("PCR") motion pursuant

---

[1] Petitioner is currently incarcerated at the Eastern Reception Diagnostic Correctional Center in Bonne Terre, Missouri. *See Missouri Dept. Corr. Offender Search*, http://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do (last visited August 8, 2021). Richard Adams is the current warden and the proper respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

1

to Missouri Supreme Court Rule 29.15. The PCR motion court denied Petitioner's claims. The Missouri appellate court determined the PCR motion was untimely, vacated the motion court's judgment, and remanded the case to the motion court with instructions to dismiss the PCR motion as being untimely filed. Petitioner now seeks habeas relief before this Court.

**II.    DISCUSSION**

There are two motions currently pending before the Court – Petitioner's original petition for writ of habeas corpus and his motion for leave to file an amended petition. In response to Petitioner's original petition, the State asserted the petition is untimely and the Court should dismiss it. In response to Petitioner's motion for leave to amend, the State argued because the original petition was untimely, amending the petition would be futile, and the Court should deny the motion on that basis. Therefore, the question before the Court is whether Petitioner's original petition is timely. If it is, then the Court can address whether the motion to amend should be granted or denied on other grounds. If it is not timely, then the Court must dismiss the original petition and deny the motion to amend.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for writs of habeas corpus filed under 28 U.S.C. § 2254, which begins running on the date judgment on the original conviction becomes final. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). Petitioner's judgment became final on the day his time period for seeking direct review ended. 22 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."). The Missouri Court of Appeals issued its opinion on Petitioner's direct appeal on September 23, 2014. ECF No. 7-6, at 1. Petitioner did not appeal to the Missouri Supreme Court. Therefore, the

expiration of time for seeking review of Petitioner's appeal ended on October 8, 2014, fifteen days after the Court of Appeals filed its opinion. *See* Mo. S. Ct. R. 83.02 ("Application by a party for such transfer shall be filed within fifteen days of the date on which the opinion … is filed[.]"); Mo. S. Ct. R. 84.17(b) ("A motion under this rule [] shall be filed within 15 days after the court files its opinion[.]"). The statute of limitations for Petitioner's federal habeas began running on October 9, 2014, the day after the time for direct review ended. Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period); *see also King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012). Over seven years passed from when the time for Petitioner's direct review ended to when he filed his habeas petition with this Court, making his petition untimely unless he is entitled to tolling.

AEDPA's one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2254(d)(2). Petitioner filed a PCR motion in state court; however he did not file it until May 11, 2015, nearly seven months after the end of his direct review. ECF No. 7-13, at 2. The Missouri Court of Appeals determined Petitioner's motion was untimely. *Id*. at 5. Untimely filed post-conviction motions are not considered "properly filed" under 28 U.S.C. 2254(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). Consequently, an untimely post-conviction motion does not toll AEDPA's statute of limitations. Because Petitioner's PCR motion was untimely, his statute of limitations was not tolled while the state court decided his motion.

Another possible avenue for Petitioner is equitable tolling. A petitioner is entitled to equitable tolling of the statute of limitations if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). In his proposed amended petition,

3

Petitioner asserts he is entitled to equitable tolling because he could not timely file his *pro se* PCR motion due to his appellate counsel's failure to inform him when the Court of Appeals issued its mandate. According to Petitioner, his appellate counsel told Petitioner he would tell Petitioner when the mandate was issued and when to file his motion. ECF No. 20-1, at 5. Many months after the Court of Appeals issued its mandate, one of Petitioner's family members called his counsel for an update and, at this time, his counsel realized he had failed to notify Petitioner of the Court of Appeals' mandate. *Id*. at 5-6. His counsel immediately sent Petitioner a letter notifying him of the end of the direct appeal and directing him to file his PCR motion immediately. *Id*. at 6. Because his counsel failed to notify him, Petitioner believes his failure to file a timely motion is not his fault, and he is entitled to equitable tolling.

Petitioner is not entitled to equitable tolling for two reasons. First, Petitioner has not established an extraordinary circumstance stood in his way. "Tolling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for serious instances of attorney misconduct." *Christeson v. Griffith*, 860 F.3d 585, 588-89 (8th Cir. 2017) (citing *Christeson v. Roper*, 574 U.S. 373, 378 (2015)). Attorney negligence in calculating a deadline is not sufficient. *Id*. at 589. For example, in *Holland*, the attorney's failure to file his petition on time and his lack of knowledge of the statute of limitations alone did not qualify the petitioner for equitable tolling. *Id*. The Supreme Court said he potentially qualified because his attorney ignored letters from the petitioner stressing the importance of the deadline, his attorney did not do the proper legal research despite the petitioner identifying the applicable legal rules, and he failed to inform the petitioner that the state court had decided his case despite the petitioner's many pleas for that information. 560 U.S. at 652.[2] Furthermore, the petitioner's attorney failed to communicate with

---

[2] Ultimately, the Supreme Court remanded the matter back to the Court of Appeals to determine whether the facts entitled the petitioner to equitable tolling.

the petitioner despite the many pleas from the petitioner for the attorney to respond to his letters. *Id*. That differs from this case where the attorney failed to notify Petitioner of the Court of Appeals' mandate but did so immediately once the attorney was contacted by a family member. There is no evidence Petitioner reached out to counsel previously, that counsel misled him, or that counsel ignored communication from Petitioner.

Other cases from the Eighth Circuit further illustrate why Petitioner's circumstances do not qualify as extraordinary. *See United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (Petitioner was entitled to equitable tolling where attorney misrepresented the law, misrepresented the status of the case, and retained possession of documents crucial to the petitioner's claims.); *Rues v. Denney*, 643 F.3d 618, 621-22 (8th Cir. 2011) ("We find [counsel's] miscalculation of his filing deadline is a 'garden variety claim' of neglect and does not warrant equitable tolling."); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (While ineffective assistance of counsel generally does not warrant equitable tolling, an attorney's false representation that a habeas petition has been filed may warrant equitable tolling.); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). In this case, while unfortunate and detrimental to Petitioner that his counsel failed to notify him of the Court of Appeals' decision, the failure is a "garden variety claim of neglect," rather than extraordinary circumstances involving attorney misrepresentations which made it impossible for him to file his petition on time. Therefore, the Court does not find that some extraordinary circumstance stood in Petitioner's way of pursuing his post-conviction claims.

Nor is there any evidence supporting Petitioner's diligence in pursuing his post-conviction claims. There is no evidence Petitioner called or wrote to his attorney for months after

the Court of Appeals denied his direct appeal in September of 2014. There is no evidence Petitioner called or wrote the Court of Appeals to check on the status of this direct appeal. Nor is there any evidence Petitioner asked anyone to check on the status of his direct appeal in the Court of Appeals' public Case.net system. Petitioner was advised the direct appeal had been decided when a family member called his appellate attorney on April 2, 2015, and his attorney immediately responded with truthful information and instructed Petitioner to file his PCR claim immediately. ECF No. 20-1, at 4-6. However, Petitioner did not file his PCR motion until May 11, 2015, approximately six weeks later. The Court finds Petitioner failed to diligently pursue his post-conviction claims.

The second reason Petitioner does not qualify for equitable tolling is because his counsel's failure to inform him of the mandate theoretically explains why he failed to file his state PCR motion on time, but it does not explain why he was unable to file his federal habeas petition on time. Petitioner could have timely filed a federal habeas petition when he first heard from his attorney about the Court of Appeals' mandate. That was approximately seven months after the end of his direct review; thus, he would have been well within AEDPA's statute of limitations. The Court may have stayed the matter pending conclusion of the state court's PCR review, and he may have had to amend his federal habeas petition at the end of that review, but he would have protected his right to seek review before this Court and avoided dismissal under the statute of limitations. For all of these reasons, Petitioner does not qualify for equitable tolling.

Petitioner's original petition is untimely and must be dismissed. Petitioner's proposed amended petition does not rectify Petitioner's untimely original petition, nor does it establish grounds for equitable tolling. Therefore, granting leave to amend would be futile when the Court would also have to dismiss the amended petition as untimely. *Anderson v. Bank of the West*, 23

F.4th 1056, 1061 ("Futility constitutes a valid reason for denial of a motion to amend." (quotation omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Terron Pool for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), is **DENIED**, as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File an Amended Petition (ECF No. 20), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Pool's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 23rd day of August, 2022.

_____
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**